**STATE ex rel. MUSLOW v. LOUISIANA OIL REFINING CORPORATION (ARKANSAS FUEL OIL CO., Substituted Defendant).**

No. 5467.

Court of Appeal of Louisiana. Second Circuit.

Dec. 3, 1937.

For prior opinion, see 176 So. 686.

Blanchard, Goldstein, Walker & O'Quin and Robert Roberts, Jr., all of Shreveport, for appellant.

John B. Files, of Shreveport, for appellee.

TALIAFERRO, Judge.

After denial by this court of its application for a rehearing, defendant sought to have the judgment herein rendered against it (176 So. 686) reviewed by the Supreme Court. Its application was denied by the Supreme Court on November 2, 1937, and the judgment thereby became final, so far as concerns jurisdiction of the state courts except as hereinafter discussed.

On November 17th, defendant filed in this court its verified petition for an order staying execution of said judgment. After reciting briefly in chronological order the history of the case to the denial of application for review, this petition avers, viz.:

"The Court in this cause held valid Act No. 34 of 1934 of the Legislature of Louisiana as against defendant's claim that the said statute, as applied in this case, was repugnant to the Constitution of the United States; and appearer is entitled to appeal the judgment herein rendered to the Supreme Court of the United States.

"Your appearer now shows that it intends to prosecute an appeal from the decree of this Court to the Supreme Court of the United States and that its counsel is now preparing papers to make effective such right of appeal; and that such intention has been communicated to Mr. John B. Files, attorney for Hyman Muslow, plaintiff and appellee. Notwithstanding these facts, defendant's undersigned attorney has been informed by the plaintiff's said attorney that such plaintiff intends to and will have execution issued upon the judgment herein before petition for appeal, assignment of errors, citation of appeal, jurisdictional statement and supersedeas bond, all required by statutes of the United States and the rules of the Supreme Court of the United States, may be prepared and presented to this Court for its consideration and action. Under the circumstances, this Court should enter an order herein staying execution for a reasonable time in order that such appeal papers may be prepared and presented to this Court for its consideration and action."

Upon this showing, on November 17th, an order was signed by this court granting stay of execution of thirty ·days. No bond was required to secure the order. The present application to vacate was filed November 18th, and hearing contradictorily thereon was had.

The motion to vacate is based upon the following conclusions of law set up therein, viz.:

"That this Court has no further jurisdiction in this matter for the reason that the defendant took the case out of the jurisdiction of this court on writs of review to the Supreme Court of Louisiana, and that upon the denial of the writ of review in that case, on the statement that the judgment of the lower court was correct, the record in the case is now remanded out of the Supreme Court and out of this Court into the District Court, for execution.

"That this court was without right or authority, after the judgment had become final and after this court had been divested of its jurisdiction, to issue any order in connection with said cause, and especially an order restraining the execution of a final judgment in the District Court of Caddo Parish, Louisiana.

"That, in the alternative, this Court was without authority to issue a restraining order without at the same time requiring security or bond to cover all damages as a result of said stay of proceedings."

Section 344, 28 U.S.C.A.(Judicial Code, § 237, as amended), so far as pertinent to the issue raised that this court is without jurisdiction to sign or issue further orders in the case, reads as follows, viz.:

"A final judgment or decree in any suit in the highest court of a State in which a decision in the suit could be had, where is drawn in question the validity of a treaty or statute of the United States, and the decision is against its validity; or where is drawn, in question the validity of a statute of any State, on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, and the decision is in favor of its validity, may be reviewed by the Supreme Court upon a writ of error."

It will be observed that this statute vests in the United States Supreme Court power to review a final decree or judgment of "the highest court of a State in which a decision in the suit could be had," wherein is drawn in question the validity of any statute of the state on the ground of repugnancy to the Constitution of the United States. It is argued by applicant that since the Supreme Court gave as its reasons for denying the writ of review that "the judgment was correct," that action amounted to a decision on the merits, and that court alone possessed power to issue further orders in the case.

This precise point was raised in American Railway Express Company v. Levee, 263 U.S. 19, 44 S.Ct. 11, 12, 68 L.Ed. 140, wherein Justice Holmes was the court's organ, and was disposed of adversely to applicant's contention here. The case went up from Louisiana. The court said:

"The defendant applied to the Supreme Court of the State for a writ of certiorari, but the writ was 'refused for the reason 'that the judgment is correct.'

"A preliminary objection is urged that the present writ of certiorari was addressed to the Court of Appeal, and not to the Supreme Court. But under the Constitu-

tion of the State the jurisdiction of the Supreme Court is discretionary, article 7, § 11, and although it was necessary for the petitioner to invoke that jurisdiction in order to make it certain that the case could go no farther, Stratton v. Stratton, 239 U.S. 55, 36 S.Ct. 26, 60 L.Ed. 142, when the jurisdiction was declined the Court of Appeal was shown to be the highest Court of the State in which a decision could be had. Another section of the article cited required the Supreme Court to give its reasons for refusing the writ, and therefore the fact that the reason happened to be an opinion upon the merits rather than some more technical consideration, did not take from the refusal its ostensible character of declining jurisdiction."

■ As concerns the power or right of this court to sign the stay order without requiring bond, we have reached the conclusion that it was discretionary with us as to whether this should be done. Section 350, 28 U.S.C.A., seems to be clear on this question. So far as germane, we quote it, viz.:

"In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to apply for and to obtain a writ of certiorari from the Supreme Court. *The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court, and may be conditioned on the giving of good and sufficient security,* to be approved by such judge or justice, that if the aggrieved party fails to make application for such writ within the period allotted therefor, or fails to obtain an order granting his application, or fails to make his plea good in the Supreme Court, he shall answer for all damages and costs which the other party may sustain by reason of the stay."

Bond or security *may* be required by the judge or justice signing the stay order.

In the present case, a money judgment is involved. Material damages or loss flowing from inhibition against its temporary execution is not conceivable. The judgment bears interest. Revised Civil Code, art. 1935, provides that:

"The damages due for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more."

Ultimate collection of the judgment, with interest, is guaranteed by the suspensive appeal bond given to appeal the case to this court.

■ Supplementing the motion to vacate, but only by brief, applicant says:

"But if the court should hold that the judgment rendered by the Supreme Court of this state was one declining jurisdiction and did not in effect constitute an affirmance, then we submit that no Federal question is properly shown by the pleadings in this case."

We are of the opinion that this issue is presently premature. It will address itself to us when defendant presents its application with supporting papers, for order of appeal to the Supreme Court of the United States.

For the reasons herein assigned, the motion to vacate is denied, at plaintiff's cost.