Franklin N. JONES, husband and next of kin of Daphne Ann Jones, Deceased, Appellant,

v.

MORRISTOWN–HAMBLEN HOSPITAL ASSOCIATION, INC., and Dr. Eugene Rutland, Jr., Appellees.

Court of Appeals of Tennessee, Eastern Section.

June 19, 1979.

Rehearing Denied Aug. 2, 1979.

Permission to Appeal Denied by Supreme Court March 10, 1980.

Sidney W. Gilreath, Knoxville, for appellant.

F. Graham Bartlett, of McCampbell, Young, Bartlett, Hollow & Marquis, Knoxville, for Morristown-Hamblen Hospital Ass'n.

Warren Butler, Knoxville, for Dr. Eugene Rutland, Jr.

## OPINION

FRANKS, Judge.

This case presents a question of application of the Medical Malpractice Review Board and Claims Act, codified at *T.C.A.* § 23-3401, *et seq.*

Franklin N. Jones, husband and next of kin of Daphne Ann Seals Jones, deceased, brought suit for damages for the wrongful death of his wife against Dr. Eugene Rutland and the Morristown-Hamblen Hospital Association, Inc. Following a hearing and arguments by counsel, the circuit judge granted the defendants' joint motion for summary judgment finding the plaintiff's cause of action barred by the three-year maximum limitations period of the Act. Plaintiff had perfected his appeal to this court, assigning as error the sustaining of the motion.

The legal and factual chronology is as follows:

On May 30, 1970, the decedent underwent the surgical removal of a small mole located on her neck approximately one inch below her ear. The operation was performed at Morristown-Hamblen hospital by her per-

sonal physician, Dr. John Caldwell. Miss Seals was fourteen years old at the time of the operation.

The surgically removed specimen labeled "nevus of the neck" was taken to the pathology department where it was visually examined by Dr. Cleland Blake, the chief pathologist working under contract with Morristown-Hamblen. A slide was then prepared from the specimen.

The following morning, June 2, the slide was microscopically examined by Dr. Rutland, a pathologist working under Dr. Blake, and the specimen diagnosed as an "active junctional nevus, skin." The pathological report was sent to Dr. Caldwell who interpreted the diagnosis to mean that the tissue was benign since all tissue of a person this age is active or growing. The decedent was shortly thereafter released from the hospital.

Over the next few years, decedent lived a normal life, completing her schooling, working, and getting married. During that period, she occasionally visited Dr. Caldwell for routine examinations and minor medical problems. On January 10, 1974, she attained her majority.

On December 9, 1974, the Tennessee Supreme Court decided the case of *Teeters v. Currey*, 518 S.W.2d 512 (Tenn.1974), which applied the "discovery" rule to medical malpractice cases in this state.

On May 1, 1975, the Medical Malpractice Review Board and Claims Act was enacted, effective July 1, 1975.

On December 15, 1975, decedent suffered a seizure and was hospitalized. Tests and exploratory surgery were performed, which revealed the existence of malignancies in the lungs and brain. This occurred on January 13, 1976. Decedent was thereafter transferred to a specialized hospital in Houston, Texas, where her condition was diagnosed as metastatic malignant melanoma. Metastatic means that the malignant cells were transported either by the blood stream or lymph system from the primary tumor to other parts of the body.

Mrs. Jones died on May 31, 1976, at the age of twenty. On January 7, 1977, the decedent's husband filed this suit.

From the numerous depositions submitted during the argument for summary judgment, two facts appear reasonably certain. First, the tissue in the slide was malignant both when it was examined by numerous doctors after the death of the decedent and at the time of the initial diagnosis. Second, the decedent did not discover and, under the exercise of reasonable diligence, probably should not have discovered her condition prior to the exploratory surgery performed on January 13, 1976. With these two points in mind and, for the purpose of this opinion, June 2, 1970, will be considered the date of the allegedly negligent act, and January 13, 1976, will be considered the date of discovery.

At the time the diagnosis of the mole was made, the law in this state, like that in the majority of jurisdictions, was that the statute of limitations for personal injury began to run or, in other words, accrued on the date that the negligent act causing the injury occurred. *Hall v. DeSaussure*, 41 Tenn.App. 572, 297 S.W.2d 81 (1956). This rule created illogical and often unjust results in several areas of the law, notably product liability and medical malpractice; it was possible for a plaintiff's action to be barred before he could know if its existence, or even before an actual injury occurred.

■ The facts of this case illustrate that result. Under existing law, decedent had a vested right of action on June 2, 1970. *Albert v. Sherman*, 167 Tenn. 133, 67 S.W.2d 140 (1934); *Bodne v. Austin*, 156 Tenn. 366, 2 S.W.2d 104 (1928). Applying *T.C.A.*, § 28–304, the personal injury limitation, and the minor's saving statute, *T.C.A.*, § 28–107, without regard to intervening changes in the law, decedent's action would have been barred one year after her 18th birthday—January 10, 1975. This was fully one year before she had any reason to know of the existence of her "right" of action.

Recognizing the injustice of such situations the Supreme Court changed the law in

*Teeters v. Currey, supra.* The holding of the Court in that case is:

> We adopt as the rule of this jurisdiction the principle that in those classes of cases where medical malpractice is asserted to have occurred through the negligent performance of surgical procedures, *the cause of action accrues and the statute of limitations commences to run when the patient discovers, or in the exercise of reasonable care and diligence for his own health and welfare, should have discovered the resulting injury.* All cases contra are overruled. [Emphasis supplied.] 518 S.W.2d at 517.

■ Under this analysis, decedent's right of action would not have been barred until one year after the discovery of malignancy, January 13, 1977. If the Medical Malpractice Act had not intervened, then, this suit would be timely filed. This result would obtain even if the statute of limitation had run on decedent's right of action before *Teeters* had been decided.[1] In effect, *Teeters* created another right of action, independent of the right of action existing under prior law, for that class of persons who do not discover their injuries during the statutory period.

■ However, under *Teeters,* that right of action did not accrue until January 13, 1976. In the interim, the Medical Malpractice Act was enacted.

T.C.A., § 23–3415(a) sets out the limitations upon malpractice actions.[2]

■ T.C.A., § 23–3420 establishes the effective date of the Act: "This chapter does not affect any malpractice actions commenced or filed before July 1, 1975." This provision implies a clear legislative intent that the Act be given retrospective application, since any suit filed after July 1, 1975, would fall within the Act's provisions without regard to the date of the negligent act giving rise to the cause of action.

■ Inasmuch as this suit was filed in January of 1977, the limitation of § 23–3415(a) is applicable to this action. However, there are limitations upon application of the Act to all cases filed after its effective date.

In the recent case of *Morris v. Gross,* 572 S.W.2d 902 (Tenn.1978), the Supreme Court stated:

> It is well settled that a vested right of action is as much property as are tangible things and is protected from arbitrary legislation, whether such right of action be based upon the law of contracts or upon other principles of the common law. *Mabry v. Baxter,* [11 Heisk. 682] 58 Tenn. 682 (1872); *Collins v. East Tennessee, Virginia & Georgia Railroad Company,* [9 Heisk. 841] 56 Tenn. 841 (1872); *Coombes v. Getz,* 285 U.S. 434, 52 S.Ct. 435, 76 L.Ed. 866 (1932); *Pickering v. Peskind,* 43 Ohio App. 401, 183 N.E. 301 (1930); 16A C.J.S. *Constitutional Law* § 614 (1956). Such a vested right of action enjoys the full protection of the due process clauses of the Federal and State Constitutions. *See State v. Louisiana Oil Refining Corporation,* 176 So. 686 (La.App.1937), *motion denied,* 177 So. 476 (La.App.1937), *aff'd* 304 U.S. 197, 58 S.Ct. 832, 82 L.Ed.

1. For example, Doe, an adult, receives negligent medical treatment in January '73, but does not discover it until February '75. The right of action under prior law was barred on January '74. Under *Teeters,* Doe could timely sue until February '76.

2. 23–3415. *Statute of limitations—Exceptions—* (a) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28–304; provided, however, that in the event the alleged injury is not discovered within the said one (1) year period, the period of limitation shall be one (1) year from the date of such discovery; provided further, however, that in no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant in which case the action shall be commenced within one (1) year after discovery that the cause of action exists, and provided still further that the time limitation herein set forth shall not apply in cases where a foreign object has been negligently left in a patient's body in which case the action shall be commenced within one (1) year after the alleged injury or wrongful act is discovered or should have been discovered.

1287 (1938), *rehearing denied*, 304 U.S. 589, 58 S.Ct. 1044, 82 L.Ed. 1549 (1938). "Vested rights include not only legal or equitable title to enforcement of a demand but also an exemption from new obligations created after the right has vested. . . . The words [vested rights] are used as implying interests which it is proper for the state to recognize and protect and of which the individual could not be deprived arbitrarily without injustice." 16 Am. Jur.2d *Constitutional Law* § 421 (1964).

We recognize the general rule that no one has a vested right in a particular remedy for the enforcement of a right of action and, thus, that the legislature ordinarily may change existing remedies for the enforcement of rights, including those which have already vested, without denying due process of law, provided, a substantial remedy to redress that right by some effective procedure is given. *Brandon v. Warmath*, 198 Tenn. 38, 277 S.W.2d 408 (1955); *Hope v. Johnson*, [2 Yerg. 123] 10 Tenn. 123 (1826); *Gibbes v. Zimmerman*, 290 U.S. 326, 54 S.Ct. 140, 78 L.Ed. 342 (1933); 16A C.J.S. *Constitutional Law* § 614 (1956).

It is equally clear, however, that principles of due process forbid the legislature to abolish a remedy that has been so far carried into operation that the substantive rights of the litigants would be adversely affected if the remedy, as to them, were abolished. *Fisher's Negroes v. Dabbs*, [6 Yerg. 119] 14 Tenn. 119 (1834); *Mabry v. Baxter, supra; Ruecking Const. Co. v. Withnell*, 269 Mo. 546, 191 S.W. 685 (1917), *aff'd* 249 U.S. 63, 39 S.Ct. 200, 63 L.Ed. 479 (1919); *McSurely v. McGrew*, 140 Iowa 163, 118 N.W. 415 (1908); *Commonwealth v. Brown*, 327 Pa. 136, 193 A. 258 (1937); *Koger v. Ball*, 497 F.2d 702 (4th Cir. 1974).

■ A statute of limitation, therefore, may not be given retrospective application so as to bar an accrued right of action, but may bar a cause of action which has not yet accrued or vested. *See generally* 16 C.J.S. *Constitutional Law* § 254 at p. 1242. The

key question, therefore, is the status of decedent's action on the effective date of the Act, July 1, 1975.

■ As outlined *supra*, the right of action which had accrued under pre-*Teeters* law was barred after January 10, 1975—almost six months before the effective date of the Act. We do not read *Teeters* to extend that right. The effect of *Teeters* was to create another potential right of action—one which might accrue even after the limitation had run under prior law.

The argument that *Teeters* tolled the statute of limitations neither comports with the accrual language of the case nor, if deemed the appropriate rationale, would it extricate this case from the operation of the Act, since no right of action, *i. e.*, a present right to sue, would exist under that theory on the effective date of the Act.

*Teeters* gave decedent only a potential right of action. The opinion states clearly that a right of action does not accrue until discovery of the injury. At the time of the *Teeters* opinion, and on the effective date of the Act, decedent had no reason to know of the injury caused on June 2, 1970.

The following discussion, taken from 1 Am.Jr.2d, Actions, § 2, illustrates the difference between a vested or accrued "right of action" and an unaccrued "cause of action":

Although the courts sometimes confuse the term "cause of action" and "right of action" and state that a right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant, in a legal sense, these terms are not synonymous or interchangeable. A right of action is the right to presently enforce a cause of action—a remedial right affording redress for the infringement of a legal right belonging to some definite person; a cause of action is the operative facts which give rise to such right of action. The right of action does not arise until the performance of all conditions precedent to the action, and may be taken away by the running of the statute of limitations, through an estop-

pel, or by other circumstances which do not affect the cause of action. There may be several rights of action and one cause of action and rights may accrue at different times from the same cause.

Under *Teeters*, decedent had only a "cause of action" which had the potential to ripen into a "right of action". She had no present right to sue until her action accrued, discovery being a condition precedent to the action. On the effective date of the Act, decedent had not discovered her injury; her right of action under *Teeters* had not accrued. The right of action which had been vested under prior law had expired.

 Application of § 23–3415(a) to this suit does not impair any vested right of action existing at the time of its effective date and is, therefore, constitutionally permissible. The plain language of § 23–3420 requires the courts to apply the Act retrospectively, *i. e.*, to any suits filed after July 1, 1975, wherever permissible. This suit is, therefore, barred.[3]

This result is not pleasant. Nevertheless, the clear intent of the legislature in enacting the Medical Malpractice Review Board and Claims Act dictates it. As the Supreme Court recognized in *Harrison v. Schrader*, 569 S.W.2d 822 (Tenn.1978), the Act was passed in an atmosphere of crisis. The medical profession and insurance industry were demanding that definite limits be imposed upon the period of a health care provider's potential liability for any given act. The Court recognized some harsh results would flow from the legislature's action, such was the intent of the Act.

In effect, the legislature struck a compromise between the humane and logical results of the discovery rule on the one hand and the social cost of potentially unlimited periods of liability for medical malpractice on the other. Under § 23–3415(a), it once again is possible for an individual's right to sue to expire before its existence is known.

The judgment is affirmed with costs incident to the appeal assessed against appellant.

SANDERS, J., concurs.

PARROTT, P. J., dissents.

PARROTT, Presiding Judge, dissenting.

I respectfully dissent. Although I agree with the majority that the appellant had no accrued right of action when the Medical Malpractice Review Board and Claims Act of 1975, T.C.A. 23–3401, et seq., was enacted, I would hold that the appellant's cause of action was not barred by the three-year maximum ceiling found at T.C.A. 23–3415(a). I would reverse the dismissal of this suit below and remand the cause for trial.

At the time the diagnosis of the mole was made, the law in this state, like that in the majority of jurisdictions, was that the statute of limitations for personal injury began to run or, in other words, accrued on the date that the negligent act causing the injury occurred. *Hall v. DeSaussure*, 41 Tenn.App. 572, 297 S.W.2d 81 (1956). Following the lead of the legislature in such fields as products liability, the Supreme Court in *Teeters v. Currey*, 518 S.W.2d 512 (1974), adopted the "discovery doctrine" in malpractice actions and held that in such cases:

. . . the cause of action accrues and the statute of limitations commences to run when the patient discovers, or in the exercise of reasonable care and diligence for his own health and welfare, should have discovered the resulting injury, [at p. 517]

Reacting to what was termed the "medical malpractice insurance crisis," the legislature moved quickly to limit the discovery rule by enacting the Medical Malpractice Review Board and Claims Act of 1975, T.C.A. 23–3401, et seq. This act and the limitation section found therein, T.C.A. 23–3415, superimpose upon the preexisting

---

**3.** The three-year ceiling is merely superimposed on *T.C.A.*, § 28-304. "The discovery rule of the latter statute still applies subject only to the

three-year ceiling, which is unrelated to the accrual of the cause of action." *Harrison v. Schrader, supra.*

statute of limitations for personal injury, T.C.A. 28–304, and the discovery rule applicable thereto a three-year ceiling. With the exception of the two specifically mentioned situations—fraudulent concealment and foreign objects negligently left in the patient's body—T.C.A. 23–3415(a) mandates "that in no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred . . . ." Therefore, it is clear that if the three-year maximum period is applicable to the suit sub judice, then the cause of action is barred.

The Sixth Circuit Court of Appeals, applying Tennessee law in *Hodge v. Service Machine Company*, 438 F.2d 347 (1971), stated:

> A cause of action accrues when a suit may be maintained upon it. Black's Law Dictionary 37 (4th ed. 1951). A suit may not be brought upon a cause of action until it exists, and a cause of action does not exist until all its elements coalesce. In civil actions for damages, two elements must coalesce before a cause of action can exist: (a) a breach of some legally recognized duty owed by the defendant to the plaintiff; (b) which causes the plaintiff some legally cognizable damage.

Prior to the rendering of *Teeters*, and the discovery doctrine adopted therein, a plaintiff had "some legally cognizable damage" when the injury occurred whether or not such injury was known or knowable to the plaintiff. (See *Bodne v. Austin*, 156 Tenn. 353, 2 S.W.2d 100 (1928); *Albert v. Sherman*, 167 Tenn. 133, 67 S.W.2d 140 (1934); *Jackson v. General Motors Corporation, Oldsmobile Division*, 223 Tenn. 12, 441 S.W.2d 482 (1969) cert. denied 396 U.S. 942, 90 S.Ct. 376, 24 L.Ed.2d 243.)

In this suit the decedent had an accrued cause of action under the applicable statute, T.C.A. 28–304, on June 2, 1970, and a one-year period commencing on that date in which to file suit. Because of her minority, however, the running of this one-year period was tolled by the savings statute, T.C.A. 28–107, until she reached majority, which

under the Legal Responsibilities Act of 1971 was her eighteenth birthday, January 10, 1974. The tolled one-year period began to run on that date. Prior to the running of this period, which would have ended on January 10, 1975, the Supreme Court rendered the *Teeters* decision, adopted the discovery rule for malpractice actions, and specifically overruled all prior inconsistent cases.

*Teeters*, in effect, redefined the meaning of "legally cognizable damage" adding discovery as an element thereto. Therefore, under the authority of *Hodge* and under the express terms of *Teeters* itself, a cause of action in medical malpractice situations accrues on discovery. With the enactment of T.C.A. 23–3401, et seq., and the three-year maximum ceiling found therein, the possibility of a cause of action being cut off before it ever accrued arose. This possibility has not been addressed by the courts. See *Harrison v. Schrader*, 569 S.W.2d 822 (Tenn.1978) and specifically the petition to rehear found therein.

The issue in this suit differs from the one enumerated by Justice Henry in the petition to rehear in *Harrison*. The appellant here had an accrued cause of action when the *Teeters* decision was rendered. This Court must, therefore, address the issue as to what effect *Teeters* had on an accrued cause of action.

An accrued cause of action is a legal and substantive right and not merely a right to a certain legal remedy. *Anderson v. Wetter*, 69 A. 105, 103 Me. 257 (1907). In this sense it is a vested right and was not cut off by the subsequent rendering of *Teeters*. Although *Teeters* speaks in terms of accrual on discovery, its effect on a prior accrued cause of action was not one of divestment but of tolling until the right of action vests. This would accrue under T.C.A. 28–304 on discovery. At that point the one-year statute of limitations would begin to run.

When the medical malpractice act became effective, the appellant had an accrued cause of action but no vested right of action. Although some jurisdictions appear to view the two terms an synonymous, Ten-

nessee recognizes the distinction between them. See *Dowlen v. Fitch*, 196 Tenn. 206, 264 S.W.2d 824 (1954). A cause of action is the state of facts which gives rise to an enforceable right, whereas a right of action is the right to enforce a cause of action under a specific legal remedy. There can be more than one right of action for a single cause of action. Furthermore, there is no vested right to a particular right of action, even if that right of action is in force when the cause of action accrues. *Collins v. East Tennessee, Virginia & Georgia Railroad Co.*, 56 Tenn. 841, 9 Heisk. 841; *Arnold v. Davis*, 503 S.W.2d 100 (Tenn. 1973).

Even though the appellant had no vested right of action under T.C.A. 28–304 when the medical malpractice act became effective, I would hold that the three-year ceiling did not cut off the appellant's cause of action or the right of action which subsequently accrued on discovery on January 13, 1976.

In *Parlatto v. Howe*, 470 F.Supp. 996, U.S. District Court, Knoxville, filed April 20, 1979, and designated for publication, Judge Taylor held that T.C.A. 23–3415(a) did not eliminate the special rights of minors under T.C.A. 28–107. This Court adopted that holding in *Braden v. Yoder*, Knox County, filed May 25, 1979. T.C.A. 28–107 provides:

If the person entitled to commence an action is, at the time the cause of action accrued, either (1) within the age of eighteen (18) years, or (2) of unsound mind, such person, or his representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three (3) years, and in that case within three (3) years from the removal of such disability.

This legal disability provision does not "toll" the running of T.C.A. 28–304 but rather provides a grace period in which suit may be commenced once the disability is removed. *Chaffin v. Nicosia*, 261 Ind. 698, 310 N.E.2d 867 (1974).

As was held in *Parlatto* and in *Braden*, the three-year maximum ceiling codified in the malpractice act does not create an absolute bar under all circumstances. The disability statute is a legislative exception to the running of certain statutory limitation periods designed to provide protection to disabled parties who are otherwise helpless to protect themselves. To cut off a minor's cause of action under the three-year ceiling of the malpractice act would be to effectively deprive that minor of a cause of action in all situations where the negligent act or omission occurred more than three years before reaching majority. Such an application is contrary to the legislative purpose of the disability statute, and would produce results unreasonably harsh in nature.

The causes of action of the various plaintiffs protected under T.C.A. 28–107 is not therefore cut off three years from the date of the negligent act or omission where the cause accrued during disability. The disabled plaintiff must be given the grace period equal to the time limitation for the particular cause of action. The appellant's cause of action in the instant suit was filed on January 7, 1977. The decedent's eighteenth birthday was January 10, 1974. The suit is not barred by the three-year maximum period. Furthermore, discovery occurred on January 13, 1976; therefore, the suit is timely under T.C.A. 28–304.

## OPINION ON PETITION TO REHEAR.

FRANKS, Judge.

Plaintiff has timely filed a petition to rehear, asserting this Court erred in its construction of law controlling this case.

No authorities are cited in the petition not heretofore included in the briefs with the exception of *Braden v. Yoder*, 592 S.W.2d 896, decided by this Court on May 25, 1979. Appellant argues that to reconcile *Braden* with our opinion in this case "would appear to require that the three-year statute not run at all during a person's incompetency." We specifically held in *Braden*: "This three-year ceiling is unrelated to the

accrual of a cause of action commencing not on discovery but rather at the date of the allegedly negligent act.", and concluded ". . . that T.C.A., 23–3415(a) did not eliminate the special rights of minors under T.C.A. 28–107."

In our original opinion, we applied the *Braden* rule [1] to the facts under that right of action and concluded that it was lost by the running of the statute of limitations, *i. e.*, one year after attaining her majority, *T.C.A.*, § 28–107, which principle is conceded in the petition to rehear, quoting from 1 Am.Jur.2d, *Actions*, § 8.

The petition to rehear is respectfully denied.

SANDERS, J., concurs.

---

1. In *Braden* the discovery doctrine was not an issue and the plaintiff filed suit prior to his nineteenth birthday.