OPINION

FRANKS, Judge.
In these actions, plaintiffs claimed exposure to products containing asbestos, and alleged that they contracted asbestosis related diseases as a result of occupational expo- ■ sure to asbestos-containing products.[1]
Defendant Owens-Illinois, Inc., filed a motion for “Dismissal and/or Summary Judgment”, asserting that it sold its entire insulation products business as of April 30, 1958, and did not manufacture, sell or distribute any asbestos-containing products after April 30, 1958, and concluded that all exposure to its product, if any, was incurred more than ten years before the enactment of the Tennessee Products Liability Act, in 1978, which contained a ten-year statute of repose, i.e., Tennessee Code Annotated § 29-28-103(a). The motion acknowledged that Tennessee Code Annotated § 29-28-103(b) effective July 1, 1979 excluded application of 103(a)’s actions resulting from exposure to asbestos, but this amendment would not apply to claims barred before the enactment of the 1979 amendment.
The Trial Court, relying on Wyatt v. A-Best Products Co., 924 S.W.2d 98 (Tenn.App.1995), granted defendants summary judgment, and plaintiffs have appealed.
On appeal, plaintiffs argue that Wyatt does not address the issue presented in plaintiffs’ opposition to the motion for summary judgment, i.e., plaintiffs had suffered an injury at the time of exposure, and thus acquired a cause of action, and “that an existing cause of action may not be extinguished by the subsequent passage of the Products Liability Statute of Repose.” It is further argued that those undiscovered injuries caused by defendants’ products “constitute a cause of action” and since the Tennessee Products Liability Act “can only be applied prospectively”, its passage in 1978 “could have no effect upon an existing cause of action acquired by plaintiffs, but at that point undiscovered”. Plaintiffs’ assertion that they “possessed an existing cause of action which could not be extinguished by the later enacted statute” is not supported by the cases.
The record for purposes of summary judgment essentially establishes that plaintiffs were exposed to asbestos prior to 1958, and suffered injury and damage from that exposure. At the time of the passage of the *596 Products Liability Act, plaintiffs were not aware that their exposure to the product had resulted in injuries to them, and it was a decade later that they “discovered” their injuries.
Plaintiffs argue that Jones v. Morristown-Hamblen Hospital Ass’n, Inc., 595 S.W.2d 816 (Tenn.App.1979) “is directly on point”, quoting at page 821:
Under Teeters, decedent had only a “cause of action” which had the potential to ripen into a “right of action”. She had no present right to sue until her action accrued, discovery being a condition precedent to the action. On the effective date of the Act, decedent had not discovered her injury; her right of action under Teeters had not accrued. The right of action which had been vested under prior law had expired.
It is universally held that an act or omission whereby one sustains injury, no matter how slight, starts the statute of limitations running. Limitations of Action, 51 Am.Jur.2d § 109, p. 681. We held in Jones in the next paragraph after the above quote, “application of § 28-34-15(a) to this suit does not impair any vested right of action existing at the time of its effective date and is, therefore, constitutionally permissible.” (Emphasis applied). The facts of these cases are similar to Jones. No causes of action existed as defined by the cases on behalf of these plaintiffs at the time the statute was passed in 1978. In Wyatt v. A-Best Co., 910 S.W.2d 851 (Tenn.1995), the Supreme Court said:
[a] cause of action in tort does not accrue until a judicial remedy is available. Potts v. Celotex Corp., 796 S.W.2d [678] at 681 [(Tenn.1990)]; Foster v. Harris, 633 S.W.2d 304, 305 (Tenn.1982). A judicial remedy is available when (1) a breach of a legally recognized duty owed to plaintiff by defendant (2) causes plaintiff legally cognizable damage. Potts v. Celotex Corp., 796 S.W.2d at 681. A breach of a legally cognizable duty occurs when plaintiff discovers or “reasonably should have discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced ... injury; and (2) the identity of the defendant who breached the duty.” Foster v. Harris, 633 S.W.2d at 305. Legally cognizable damages occur when plaintiff discovers “facts which would support an action for tort against the tortfeaser....” P.855.
The Supreme Court in Cronin v. Howe, 906 S.W.2d 910 (Tenn.1995) elucidated the operational difference between a statute of limitations and a statute of repose. The Court said:
[w]here the one-year statute of limitations governs the time within which legal proceedings may be commenced after a cause of action accrues, the three-year medical malpractice statute of repose limits the time within which an action may be brought, but it is entirely unrelated to the accrual of a cause of action and can, in fact, bar a cause of action before it has accrued. ... That distinction has prompted courts to hold that statutes of repose are substantive and extinguish both the right and the remedy, while statutes of limitation are merely procedural, extinguishing only the remedy.
In these cases the causes of action had not accrued, and the statute of repose had the effect of barring the right and remedy before they accrued which, as Cronin notes, is permissible.
The Trial Court appropriately relied on Judge Susano’s opinion in Wyatt v. A-Best Products Co., 924 S.W.2d 98 (Tenn.App.1995). Wyatt said “since the ten-year period set forth in T.C.A. § 29-28-103(a) is a statute of repose, we do not believe it is logical to focus on the date of accrual, since, as noted above, the statute runs from the triggering event without regard to accrual”,[2] and held that “Wyatt’s claim was barred by the T.P.L.A. before he could be rationally expected to have been aware that he suffered an injury”. P. 104.
Accordingly, we affirm the judgment of the Trial Court and remand at plaintiffs’ cost.
GODDARD, P.J., and SUSANO, J., concur.

. These cases were consolidated for the purposes of appeal and selected as representative of all such cases pending in the Circuit Court for Knox County, Tennessee, and by agreement of the parties the decision in these cases will be binding on aE such cases now pending in those courts.

. As we noted in Jones, the “accrual” date is relative only in those cases where the cause of action had accrued before the passage of a statute of repose.