# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Brief June 6, 2001

## DALE CONRAD McQUISTON v. THOMAS WARD, SHERIFF OF PERRY COUNTY

### Direct Appeal from the Circuit Court for Perry County
### No. 3246    Russell Heldman, Judge

---

### No. M2001-00201-COA-R3-CV - Filed July 25, 2001

---

Dale Conrad McQuiston filed a pleading entitled "Writ of Replevin" wherein he sought to recover $1,000 cash and various items of personal property which were alleged to have been seized by the defendant Thomas Ward, Sheriff of Perry County, Tennessee. The trial court granted Defendant's motion for summary judgment. We affirm on the basis that Mr. McQuiston's suit was barred by the three year statute of limitations set forth in section 28-3-105 of the Tennessee Code Annotated.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and HOLLY K. LILLARD, J., joined.

Dale Conrad McQuiston, *Pro se*.

James I. Pentecost, Jackson, Tennessee, for the appellee, Thomas Ward, Sheriff of Perry County.

### OPINION

On August 16, 2000, Dale Conrad McQuiston filed a pleading styled "Writ of Replevin" seeking to recover cash and various items of personal property which he alleges were seized by the defendant, Thomas Ward, Sheriff of Perry County, Tennessee. Mr. McQuiston alleges that he is incarcerated in the federal prison in Beaumont, Texas.

The replevin statute, formerly section 23-2302, was repealed by chapter 365 of the Public Acts of 1973 and was replaced by section 29-30-101 of the Tennessee Code entitled Action to recover personal property which provides as follows:

> Where goods, chattels, or other items of tangible personal property are in the possession of another, the person entitled to possession thereof may recover such goods, chattels, or other tangible personal property by filing an action to recover personal property.

Tenn. Code Ann. § 29-30-101 (2000).

A trial court is not bound by the title of the pleading but will look instead to the gravamen of the complaint. *See Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995). An action of detinue is provided for in section 29-30-201 of the Tennessee Code which states as follows:

> Where the action is to recover specific personal property, if the party seeks to recover the possession only at the end of the suit, the party may bring detinue.

Tenn. Code Ann. § 29-30-201 (2000).

It is difficult to determine from the initial pleading under which statute Mr. McQuiston elected to proceed. However, we believe that either would be barred by the applicable statute of limitations set forth in section 28-3-105 of the Tennessee Code.[1]

Sheriff Ward filed a motion for summary judgment supported by his affidavit wherein he states that Mr. McQuiston was arrested on or about November 30, 1988. At the time of his incarceration, affiant received U.S. currency in the amount of $2,969 and a model 31 .38 caliber revolver with no serial number. Said currency and revolver were presented to the appropriate official of the Federal Bureau of Investigation. As part of the investigation, there were other rifles, pistols and ammo rounds retrieved from the possession of Mr. McQuiston which were also presented to the F.B.I. As the investigation continued, there was the confiscation of 27 video tapes from the property of Mr. McQuiston which were also presented to the F.B.I. Affiant also received in his possession several pictures, other videos, a video camera and video equipment during his investigation and said items were transferred to Mr. McQuiston's wife on April 7, 1989, pursuant to the instructions of Mr. McQuiston's attorney. Any property received by affiant was either returned to the appropriate representative as designated by the agent of Mr. McQuiston or to the appropriate representative of the Federal Bureau of Investigation for further criminal investigation. Since all items were returned in 1989, Sheriff had no items in his possession at the time suit was filed which were the property of

---

[1] **Property tort actions – Statutory liabilities. –** The following actions shall be commended within three (3) years from the accruing of the cause of action:
  (1) Actions for injuries to personal or real property;
  (2) Actions for the detention or conversion of personal property; and
  (3) Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability.

Tenn. Code Ann. § 28-3-105 (2000).

Dale Conrad McQuiston. The affidavit further states that on May 20, 1991, Sheriff Ward gave testimony in the United States District Court for the Western District of Tennessee pursuant to the criminal charges on behalf of the United States against Dale Conrad McQuiston. At the time the Sheriff testified, Mr. McQuiston was present and his testimony set forth the items that were received from Mr. McQuiston's residence and the disposition of those items being returned to the F.B.I. or, as it relates to the remaining items, which were shipped to the Plaintiff's wife. The affidavit further states that since May 20, 1991, the Plaintiff had personal knowledge of the items that he was claiming to be in the possession of the Sheriff and since 1989 all items that were in the Sheriff's possession had been returned to the appropriate agent or representative of Mr. McQuiston.

In response to the motion for summary judgment, Mr. McQuiston filed an affidavit wherein he stated that on or about December 6, 1988, he was taken to the Perry County Sheriff's Department by F.B.I. special agent Darragh. At that time, he saw large amounts of his personal property in the Sheriff's department, including two (2) green Coleman gasoline powered electric generators, a 1400 watt, with a fresh weld spot on the gas tank, and a 5,000 watt, with the paint on the left side of the frame worn off by a chain, each generator weighing in excess of 100 pounds. At that time, he asked Sheriff Ward why he had seized all of his property and was told that the Sheriff was checking to see if it was stolen. The affidavit further states that at no time did he release any of his personal property nor did he authorize his attorney as his agent concerning his property to do so, nor was he notified then or at any future date by Sheriff Ward how he could recover his property. The affidavit further states that in early 1989, as a result of psychological evaluations by government doctors, he was declared legally incompetent, committed for treatment, and was restored to competency in 1990.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *See id*. In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our supreme court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 [now Rule 56.06] provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id*. at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.

1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *See Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *See Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

The record before us reveals that Mr. McQuiston began writing the Sheriff about his property as early as April, 1991. Mr. McQuiston's own affidavit states that as early as December, 1988, he observed certain items of personal property which he seeks to recover located in the sheriff's department.

Section 28-3-105(2) of the Tennessee Code provides that an action for the detention of personal property shall be commenced within three (3) years of the accruing of the cause of action. As stated in *Stone v. Hinds*, 541 S.W.2d 598 (Tenn. Ct. App. 1976), "[t]he phrase 'from the accruing of the cause of action' means from the time when the plaintiff knew or reasonably should have known that a cause of action existed." *Id*. at 599 (citing *McCroskey v. Bryant Air Cond. Co.*, 524 S.W.2d 487 (Tenn. 1975); *Teeters v. Currey*, 518 S.W.2d 512 (Tenn. 1974); *Broidioi v. Hall*, 218 S.W.2d 737 (Tenn. 1949)). An act or omission whereby one sustains injury begins the running of the statute of limitations. *See Bowman v. A-Best Co., Inc.*, 960 S.W.2d 594, 596 (Tenn. Ct. App. 1997). As a general rule, a cause of action for an injury accrues when the injury occurs, an injury being understood as any wrong or damage done to another's person, rights, reputation, or property. *See Cherry v. Williams*, 36 S.W.3d 78, 83 (Tenn. Ct. App. 2000).

In reviewing this record, we have determined that it is undisputed that Mr. McQuiston believed that Sheriff Ward had in his possession property belonging to him in 1988 and 1991. Mr. McQuiston did not file suit until January of 2000. His cause of action accrued more than three years prior to the filing of this action. As a result, it was barred by the three year statute of limitations.

Mr. McQuiston states in his affidavit that in early 1989 he was declared legally incompetent and was restored to competency in 1990. Section 28-1-106 of Tennessee Code Annotated provides that if a person entitled to commence an action is, at the time the cause of action accrued, of unsound mind, that person may commence the action after the removal of such disability within the time of limitation for the particular cause of action, unless it exceeds three years, and in that case within three years from the removal of such disability. As Mr. McQuiston states that his competency was restored in 1990, this section of the code is of no comfort to him.

Therefore, we believe that the trial court was correct in granting summary judgment in favor of Sheriff Ward and that judgment is affirmed. Costs of this cause are taxed to Dale Conrad McQuiston, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE