# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 11, 2014 Session

## JESSE BENTLEY v. WELLMONT HEALTH SYSTEM, ET. AL.

### Appeal from the Law Court for Sullivan County
### No. C14484M     Hon. John S. McLellan, III, Judge

---

### No. E2013-01956-COA-R3-CV-FILED-APRIL 10, 2014

---

This is a health care liability action in which Defendants sought dismissal, claiming that the action was barred by the three-year statute of repose, codified at Tennessee Code Annotated section 29-26-116, as interpreted by *Calaway v. Schucker*, 193 S.W.3d 509 (Tenn. 2005). Plaintiff alleged that the Court's interpretation of the statute was unconstitutional as applied to his case. The trial court disagreed and dismissed the case. Plaintiff appeals. We affirm the decision of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Law Court Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

Carroll C. Johnson, III and Timothy R. Holton, Memphis, Tennessee, for the appellant, Jesse Bentley, by and through his next friend and mother, Tonie Bentley.

Robert E. Cooper, Jr., Attorney General and Reporter, Joseph F. Whalen, Assistant Solicitor General, and Stephanie A. Bergmeyer, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

Jimmie C. Miller and Meredith B. Humbert, Kingsport, Tennessee, for the appellee, Wellmont Health System d/b/a Wellmont Bristol Regional Medical Center.

Charles T. Herndon, IV and Elizabeth M. Hutton, Johnson City, Tennessee, for the appellee, Jeffrey McQueary, M.D.

Andrew T. Wampler, Kingsport, Tennessee, for the appellee, David O. Marden, D.O.

## OPINION

## I. BACKGROUND

On December 19, 1999, Tonie Bentley arrived at Wellmont Bristol Regional Medical Center in active labor. Angela Moss, M.D., David Marden, D.O., and Jeffrey McQueary, M.D. attended to Ms. Bentley, who ultimately delivered Jesse Bentley ("Plaintiff") by emergency c-section. Plaintiff allegedly suffered extensive injuries as a result of Ms. Bentley's labor and delivery.

Prior to filing the complaints at issue, Ms. Bentley provided the statutorily required 60-day pre-suit notice pursuant to the Tennessee Medical Malpractice Act ("TMMA"). Ms. Bentley then filed suit on Plaintiff's behalf against Wellmont Health System d/b/a Wellmont Bristol Regional Medical Center, Jeffrey McQueary, M.D., and David O. Marden, D.O. on February 1, 2013. On the same day, Ms. Bentley also filed a complaint on Plaintiff's behalf against the State of Tennessee with the Division of Claims Administration. The claim against the State of Tennessee was transferred to the Tennessee Claims Commission and was then consolidated with the ongoing litigation in the Law Court of Sullivan County. The State of Tennessee, Wellmont Health System d/b/a Wellmont Bristol Regional Medical Center, Jeffrey McQueary, M.D., and David O. Marden, D.O. (collectively "Defendants") all sought dismissal of the claims against them based upon the Court's interpretation of the applicable statute of repose, codified at Tennessee Code Annotated section 29-26-116, in *Calaway*. Plaintiff alleged that the Court's interpretation of the statute was unconstitutional as applied to his case. The trial court disagreed and held that the statute of repose barred the action pursuant to *Calaway*. This timely appeal followed.

## II. ISSUE

We consolidate and restate the issues raised on appeal by Plaintiff as follows:

Whether the trial court erred in dismissing the action as time-barred pursuant to Tennessee Code Annotated section 29-26-116, as interpreted by *Calaway*.

## III. STANDARD OF REVIEW

The trial court's grant of the motion to dismiss is subject to a de novo review with no presumption of correctness because we are reviewing the trial court's legal conclusion. *Blackburn v. Blackburn,* 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

# IV. DISCUSSION

Plaintiff asserts that the trial court erred in dismissing his case as time-barred. He claims that application of *Calaway* is unconstitutional as applied to his cause of action because it violates his right to due process and equal protection under the law. Defendants respond that application of *Calaway* to Plaintiff's cause of action does not violate his constitutionally protected rights on the basis of his minority.

"A vested right of action in tort is a cause of action which has accrued, thereby becoming presently enforceable." *Mills v. Wong*, 155 S.W.3d 916, 921 (Tenn. 2005) (citing *Jones v. Morristown–Hamblen Hosp. Assoc., Inc.*, 595 S.W.2d 816, 820-21 (Tenn. Ct. App. 1979)). "Vested rights of action in tort may be classified as constitutionally-protected property interests." *Id.* Accordingly, vested rights of action in medical malpractice also enjoy constitutional protection. *Id.* As stated in the Fourteenth Amendment, "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

The statute at issue in this case is found in the TMMA, which provides, as relevant to this case,

> (a)(1) The statute of limitations in health care liability actions shall be one (1) year as set forth in § 28-3-104.
>
> (2) In the event the alleged injury is not discovered within such one-year period, the period of limitation shall be one (1) year from the date of such discovery.
>
> (3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

Tenn. Code Ann. § 29-26-116(a). In this case, the negligent act or omission occurred on December 19, 1999, at which time Plaintiff's right of action vested. However, Plaintiff did not file suit until February 1, 2013. Plaintiff does not raise the issue of fraudulent concealment; therefore, the pivotal issue in this case is whether the three-year statute of repose barred his action against Defendants before he even reached the age of majority.

Prior to the Supreme Court's decision in *Calaway*, Tennessee courts ruled that the three-year statute of repose in health care liability actions may be tolled by a plaintiff's minority pursuant to Tennessee Code Annotated section 28-1-106, which provides, in pertinent part,

> If the person entitled to commence an action is, at the time the cause of action accrued, either under eighteen (18) years of age, or adjudicated incompetent, such person, or such person's representatives and privies, as the case may be, may commence the action, after legal rights are restored, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from restoration of legal rights.

*See Bowers v. Hammond*, 954 S.W.2d 752, 755-59 (Tenn. Ct. App. 1997) (holding that the statute of repose was tolled by an infant patient's minority); *Braden v. Yoder*, 592 S.W.2d 896, 897 (Tenn. Ct. App. 1979) (holding that the three-year statute of repose did not bar a minor's right to bring suit after reaching the age of majority).

Since that time, the Supreme Court overruled *Braden* and *Bowers* by declaring in *Calaway* that a "plaintiff's minority does not toll the medical malpractice statute of repose." 193 S.W.3d at 517. In so holding, the Court stated,

> We do so not only on the basis of the clear language of the statute and our consistent characterizations of the medical malpractice statute of repose as an absolute three-year bar to such claims. We also stress our holding in *Penley* that the legal disability statute, Tennessee Code Annotated section 28-1-106, serves to toll only statutes of limitations and not statutes of repose. "[T]his section is only applicable to extend the running of a statute of limitations, and we will not interpret the legal disability statute to give it effect beyond the fair import of its terms." [*Penley v. Honda Motor Co., Ltd.*, 31 S.W.3d 181, 186 (Tenn. 2000)]. Further, "[w]here the General Assembly enacts some specific limitations period as part of an overall statutory scheme, these specific limitations will apply over more general provisions found elsewhere in the code." *Id.* at 187 (citing *Dobbins v. Terrazzo Mach. & Supply Co.*, 479 S.W.2d 806, 809 (Tenn. 1972)). To accept the argument that the legal disability statute trumps the medical malpractice statute of repose "would be to defeat the very purposes behind the enactment" of the latter. *Id.* We cannot, under the guise of judicial interpretation of the statute, in effect rewrite the law and thus substitute our own policy preferences for the Legislature's.

-4-

*Id.* (footnote omitted). Realizing that its decision would cause undue hardship upon those who had relied on the *Braden* and *Bowers* progeny of cases, the Court ruled that its decision would have prospective application only to those cases commenced after December 9, 2005.

Relative to its prospective application of the rule, the Court stated,

Justice Cardozo held that state supreme courts are not constrained from prospectively applying new interpretations of state statutes by "anything contained in the Constitution of the United States." *[Great Northern Railway Co. v. Sunburst Oil and Refining Co.*, 287 U.S. 358, 366 (1932)]. Specifically, he wrote:

> We think the Federal Constitution has no voice upon the subject [of prospective application]. A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions. . . . [N]ever has doubt been expressed that it may so treat them if it pleases, whenever injustice or hardship will thereby be averted.

*Id.* at 365, 53 S.Ct. 145. The Supreme Court has not expressly overruled *Sunburst*, and its holding continues to be followed. *See, e.g., Fiore v. White*, 149 F.3d 221, 224-27 (3d Cir. 1998) (noting "the Supreme Court's longstanding position that 'the federal constitution has no voice upon the subject' of retroactivity" (quoting *Sunburst*) and stating that "the [Supreme] Court has never tied application of this principle [i.e., retroactivity of a newly announced rule of state law] to the Equal Protection Clause").

*Id.* at 518. Upon rehearing, the court denied the plaintiffs' request to give prospective application of the rule only to those cases involving injuries occurring after December 9, 2005.

Despite the Supreme Court's holding in *Calaway*, this court held in *Crespo v. McCullough*, No. M2007-02601-COA-R3-CV, 2008 WL 4767060 (Tenn. Ct. App. Oct. 29, 2008), *perm. app. dismissed* (Tenn. Feb. 23, 2009) that the Court's decision to extend the statute of repose to minors violated the plaintiffs' due process and equal protection rights. In *Crespo*, the minor at issue had suffered extensive injuries during her birth on December 24, 2001. The plaintiffs retained legal counsel approximately one year after her birth but waited to file suit in reliance upon the *Braden* and *Bowers* progeny of cases. The Court

denied their request to intervene once the petition for rehearing was filed in *Calaway.* In holding that the decision in *Calaway* violated the plaintiffs' due process rights, this court stated,

> The United States Supreme Court articulated the relevant principle in *Terry v. Anderson*, 95 U.S. 628, 632-33, 24 L.Ed. 365 (1877), stating: "This court has often decided that statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect." (Emphasis added.) Although this case involves a statute of repose, rather than a statute of limitations, the underlying principle is the same. A "reasonable time" is what is missing here. The *Calaway* decision allowed no time for plaintiffs in the Crespos' position to file suit-unless one considers whatever brief period of hours may have existed between the release of the opinion on December 9, 2005, and the stroke of midnight on December 10. This minuscule period is obviously insufficient to give prospective plaintiffs like the Crespos a "reasonable" opportunity to adjust to the new precedent and file their long-planned lawsuits-and in any case, the significance of this extremely brief window did not become apparent until *Calaway* was amended more than two months later.

> The need for a "reasonable time" in such circumstances was more recently noted by a court of this state in *State v. Sumlin*, No. 02C01-9204-CR-00095, 1993 WL 15177, at *2 (Tenn. Ct. App. January 27, 1993) (quoting 51 Am.Jur.2d Limitation of Actions § 27), which stated that existing time limitations on civil actions may be shortened "without violating constitutional guaranties . . . provided a reasonable time is allowed for the enforcement of existing causes of action," and that new limitations may be imposed, provided that the new limitation is "not made applicable to an existing cause of action in such a way as to preclude any opportunity to bring suit." (Emphasis added.) Here, the abrupt change in parties' legal situation, caused by *Calaway*, did indeed preclude any opportunity for the Crespos to bring suit.

> To summarize: because of *Calaway's* immediate applicability, the plaintiffs were denied any process by which to vindicate their vested legal rights, through absolutely no fault of their own. They had every reason to rely on *Bowers* and the other related cases- especially after the Supreme Court in *Penley* explicitly stated, albeit in dicta, that the *Bowers* precedent was valid in situations like this one. So they bided their time, gathering information and communicating with the defendants at a relatively leisurely pace, which was perfectly reasonable given the clearly stated law at the time. Then, nearly four

years after Laura Crespo's birth, at a time when the plaintiffs were still awaiting responses from the defendants on various requests for medical records, *Calaway* suddenly and instantly invalidated the Crespos' cause of action and gave them no recourse to salvage it. If *Calaway* had created, for example, a one- or two-year window for plaintiffs in the Crespos' position to file suit, that would have been an entirely different situation. But, as things transpired, no window at all was announced, and the Crespos' due process rights were clearly violated.

For all of the reasons stated above, we find that *Calaway* worked a violation of these plaintiffs' due process rights, and accordingly, we reverse the trial court's dismissal of their case. In so holding, we do not alter the general rule that revised judicial interpretations of statutes usually apply retrospectively, *Hill v. City of Germantown*, 31 S.W.3d 234, 239 (Tenn. 2000), nor do we suggest that a constitutional violation occurs in each and every case where retroactive application would lead to some hardship, or where some degree of reliance on prior rulings can be shown. Our holding is limited to these facts, which we believe present an unusually stark example of clear reliance on apparently settled law that, after being endorsed by the Supreme Court, is upended by a swift and sudden reversal that completely changes the parties' legal situation and leaves the plaintiffs with no recourse to pursue their rights. Most retrospective applications of judicial decisions do not violate anyone's due process. This one, however, does.

*Crespo*, 2008 WL 4767060, at *13-14. The court likewise held that the plaintiffs' right to equal protection was also violated. *Id.* at *14-15.

Plaintiff alleges that his case is similar to *Crespo* in that his injury occurred prior to the Court's decision in *Calaway* and that he was deprived of his opportunity to bring his action before the Court arbitrarily changed the rules without notice to potential plaintiffs. We disagree. This court was very careful to distinguish the plaintiffs in *Crespo* from others that might be similarly situated. Unlike the plaintiffs in *Crespo*, Plaintiff was not actively pursuing his case and on the precipice of filing his cause of action when *Calaway* was decided. Plaintiff waited approximately seven years after *Calaway* was decided to file suit. With these considerations in mind, we conclude that the trial court's application of *Calaway* did not violate Plaintiff's right to due process or equal protection under the law. "Just as the medical malpractice statute of repose validly extinguishes undiscovered causes of action which have yet to accrue, it also validly extinguishes even accrued and vested rights of action." *Mills*, 155 S.W.3d at 925.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Jesse Bentley, by and through his next friend and mother, Tonie Bentley.


_____
JOHN W. McCLARTY, JUDGE