Patsy SUTPHIN, Appellant,

v.

Dr. John P. PLATT and Dr. Page
Powell, Appellees,

and

W.J. Michael Cody, Attorney General &
Reporter for the State of
Tennessee, Intervenor.

Supreme Court of Tennessee,
at Knoxville.

Nov. 10, 1986.

Bob McD. Green, Johnson City, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Stephen Nunn, Asst. Atty. Gen., Nashville, for intervenor.

Francis L. Lloyd, Jr., H. Wayne Graves, J. Paul Coleman, Johnson City, for appellees.

OPINION

FONES, Justice.

The issue presently before this Court is whether the requirement of Tennessee's Medical Malpractice Review Board and Claims Act of 1975, T.C.A. § 29–26–101 *et seq.*, that a medical expert witness be a licensed practitioner in Tennessee or a contiguous state violates the due process and/or equal protection rights of a party proferring a medical expert from a non-contiguous state. Because there is a conceivable rational basis for the contiguous state limitation upon the competency of medical expert witnesses, we uphold this requirement as reasonably related to legitimate state interests in medical malpractice actions and, thus, consistent with constitutional mandates.

In 1976, plaintiff's decedent entered under the care of defendant doctors for treatment of a gastro-intestinal problem that had plagued the decedent from the mid-1960's. Defendants recommended that the patient undergo corrective surgical procedures which were performed at Northside Hospital in Johnson City, Tennessee on July 20, 1976. Although the patient's postoperative recovery appeared to be progressing satisfactorily, complications arose, ultimately culminating with the patient's death from respiratory failure less than one month after his surgery.

In 1981, plaintiff filed a complaint alleging that defendants' deviation from normal medical standards proximately caused the patient's death. Defendants countered with a Motion for Summary Judgment supported by affidavits, including the sworn opinion of a surgeon licensed in Tennessee that defendants had responded to the post-operative complications within the community standards of Johnson City physicians. Plaintiff then filed the affidavit of a Florida physician, which asserted that the patient's death proximately resulted from defendants' post-operative negligence.

Defendants challenged the sufficiency of the Florida doctor's affidavit because of its failure to comply with the requirements of T.C.A. § 29–26–115(b).[1] This objection was based on the affiant's failure to state that he had practiced medicine within the year preceding the date of the injury presently at issue or that he was licensed to practice in Tennessee or a contiguous state. After oral argument, the trial judge agreed with defendants' contentions and held the Florida physician's affidavit inadmissible. The trial judge then granted defendants' motion for summary judgment because plaintiff had failed to provide evidence sufficient to sustain her burden of going forward on issues in which she was saddled with the burden of proof by T.C.A. § 29–26–115(a).[2]

Plaintiff subsequently sought to challenge the contiguous state limitation upon the competency of medical expert witnesses as a deprivation of her due process and/or equal protection rights guaranteed by the federal constitution. After notifying the Attorney General pursuant to T.R.C.P. 24.04,[3] oral argument was heard on the constitutionality of T.C.A. § 29–26–115(b). The trial judge ultimately agreed with defendants and the Attorney General, rejecting plaintiff's constitutional challenge. The case comes to this Court on direct appeal, the sole issue being the constitutionality of a state statute. We affirm.

Plaintiff attacks Tennessee's contiguous state limitation upon the competency of medical experts to testify in a medical malpractice action as an arbitrary and irrational legislative pronouncement that denies her due process and equal protection under the federal constitution. There is no question that these two clauses of the Fourteenth Amendment have been, and continue to be, applied to protect individuals from irrational legislation. *See Jones v. Brim,* 165 U.S. 180, 17 S.Ct. 282, 41 L.Ed. 677 (1897); *Nebbia v. New York,* 291 U.S. 502, 54 S.Ct. 505, 78 L.Ed. 940 (1934); *UAW v.*

---

**1.** T.C.A. § 29–26–115(b) reads:

> No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a) unless he was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make his expert testimony relevant to the issues in the case and had practiced this profession or specialty in one of these states during the year preceding the date that the alleged injury or wrongful act occurred. This rule shall apply to expert witnesses testifying for the defendant as rebuttal witnesses. The court may waive this subsection when it determines that the appropriate witnesses otherwise would not be available.

**2.** T.C.A. § 29–26–115. Claimant's burden in malpractice action—Expert testimony—Presumption of negligence—Jury instructions.—(a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which he practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

**3.** T.R.C.P. 24.04 Notice to Attorney General When Statute, Rule or Regulation is Questioned

> When the validity of a statute of this state or an administrative rule or regulation of this state is drawn in question in any action to which the State or an officer or agency is not a party, the court shall require that notice be given the Attorney General, specifying the pertinent statute, rule or regulation.

*Indiana Employment Security Bd.*, 600 F.2d 118 (7th Cir.1979), *cert. denied* 444 U.S. 951, 100 S.Ct. 425, 62 L.Ed.2d 322.

In determining whether a particular statute encroaches upon individual rights in an impermissibly arbitrary manner, however, the intensity of a reviewing court's scrutiny varies in relation to the rights affected, or the class created, and the legislative objective sought to be achieved. If the challenged legislation affects a fundamental right, or operates upon a suspect class, the statute must be finely tailored to further a compelling state interest. *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). In contrast to this strict scrutiny, a reviewing court must approach all other legislation challenged as arbitrary and irrational in a deferential manner. If the court is able to conceive of a rational basis for the statute that is reasonably related to a legitimate state purpose, the court cannot further question the wisdom of the legislation. *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 456 U.S. 950, 102 S.Ct. 2023, 72 L.Ed.2d 476 (1982).

The statute presently at issue imposes a limitation upon the competency of a witness to testify in a civil tort action. No attempt is made to argue that the right to present an expert witness in a state tort action is a fundamental right. Similarly, this Court has previously held that medical malpractice victims are not a suspect class. *Harrison v. Schrader*, 569 S.W.2d 822, 825 (Tenn.1978). Thus, the contiguous state limitation upon the competency of medical experts to testify in a medical malpractice action must be reviewed under the rational basis test. Under that test if any state of facts can reasonably be conceived to justify the classification, or if it is a fairly debatable question, the statute must be upheld. *Harrison v. Schrader, supra; Swain v. State*, 527 S.W.2d 119 (Tenn.1975).

When compared to most tort claims based upon negligence, a plaintiff alleging medical malpractice must prove several unique elements. One such element is the geographic component to the relevant standard of care. In order to prove that a doctor has been negligent in most jurisdictions, as in Tennessee, a plaintiff must show that the defendant failed to act with ordinary and reasonable care when compared to the customs or practices of physicians from a particular geographic region. King, *The Standard of Care and Informed Consent Under the Tennessee Malpractice Act*, 44 Tenn.L.Rev. 225, 256 (1977).

This geographic component to the relevant standard of care evolved out of a recognition that medical customs or practices varied depending on the particular area in which the physician practiced. King, *Standard of Care*, 44 Tenn.L.Rev. at 257. Traditionally, the relevant geographic area was strictly defined. The plaintiff was required to introduce evidence concerning the standard of care in the strict locality where the defendant worked. *Floyd v. Walls*, 26 Tenn.App. 151, 168 S.W.2d 602 (1941). However, in light of a modern trend towards the national standardization of medical practices, especially in specialties, courts and legislatures have gradually expanded the relevant geographic area for proving the medical standard of care. *See*, Waltz, *The Rise and Gradual Fall of the Locality Rule in Medical Malpractice Litigation*, 18 DePaul L.Rev. 408 (1969). Indeed, the Tennessee Legislature has adopted a somewhat broadened definition of the geographic component to the medical standard of care, requiring proof of "[t]he recognized standard of acceptable professional practice ... in the community in which [the defendant] practices or in a similar community...." T.C.A. § 29–26–115(a)(1).

Another unique element in a medical malpractice action concerns the limitations upon the competency of a witness to opine as to whether the defendant's actions complied with the relevant standard of care. When a medical malpractice claim involves complex issues beyond the common knowledge of laypersons, medical expert testimo-

ny must be proffered. *Bowman v. Henard*, 547 S.W.2d 527 (Tenn.1977). In addition, the Tennessee Legislature has imposed a geographical limitation upon the competency of a proffered medical expert: the physician must have been licensed to practice in Tennessee or a contiguous state for the one year previous to the date of the injury at issue. T.C.A. § 29-26-115(b).

In attempting to sustain her burden of proving this geographic qualification upon the competency of medical experts to be unconstitutionally arbitrary and irrational, the plaintiff asserts that the contiguous state limitation is "beyond the implicit requirement of [T.C.A. § 29-26-115(a)(1)] that the expert be familiar with the standard of care in the same or similar community." Plaintiff's Brief, p. 11, *quoting* King, *Standard of Care*, 44 Tenn.L.Rev. at 267. In other words, the plaintiff argues that as long as the proffered expert is able to show that he has knowledge of the customs or practices in medical communities similar to the one in which the defendant practices, it is irrelevant whether the expert is licensed to practice in Kentucky or Alaska.

This Court would be remiss if we did not admit that plaintiff's argument has some logic. Our present responsibility, however, is not to interpret the "implicit requirement[s]" of T.C.A. § 29-26-115(a)(1). Rather, we must emphasize our limited duty when reviewing the constitutionality of a statute under the rational basis test. If we are able to conceive of a rational basis for the legislation reasonably related to a legitimate state interest, our inquiry can go no further. We believe that a rational basis for the contiguous state limitation exists.

There is an undeniable legitimate state interest in assuring that doctors charged with negligence in this State receive a fair assessment of their conduct in relation to community standards similar to the one in which they practice. The Tennessee Legislature may believe that physicians licensed to practice in Tennessee or, since a couple of Tennessee's major medical centers are close to the state border, a contiguous state are most qualified to render an opinion on the standard of care to which Tennessee's doctors must conform. In other words, it is conceivable that the risk of inaccurate assessment of the defendant's conduct in relation to customs or practices in a similar community are reduced if the expert is from Tennessee or a contiguous state. We believe that this possible reduction in inaccurate expert testimony is reasonably related to the legitimate state interest in ensuring fair trials.

In our opinion, any doubt as to the constitutionality of T.C.A. § 29-26-115(b) was laid to rest by a provision within the statute itself. The act vests the trial judge with the authority to waive the contiguous state limitation upon a proper showing that an appropriate witness would not otherwise be available. The statute, therefore, contains a "safety valve" for those situations in which a party is unable to locate a qualified expert within this state or one of our bordering states. The rights of a party who proffered a non-contiguous expert along with evidence of local unavailability are not presently at issue. The record does not reveal why no hardship showing was made in the present case.

In conclusion, we hold that there is a rational basis for the contiguous state limitation upon the competency of medical expert witnesses that is reasonably related to legitimate state interests and, thus, uphold T.C.A. § 29-26-115(b) as constitutional. The order of the trial judge is affirmed. Costs are adjudged against plaintiff.

BROCK, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.