FILED
04/30/2020
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 22, 2020

## DANIEL ERIC COBBLE v. ERLANGER HOSPITAL

**Appeal from the Circuit Court for Hamilton County**
**No. 18C899  Kyle E. Hedrick, Judge**

_____

**No. E2019-00417-COA-R3-CV**
_____

This pro se appellant appeals the trial court's dismissal of his lawsuit.  We affirm.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and RICHARD H. DINKINS, J., joined.

Daniel E. Cobble, Americus, Georgia, pro se.

Joshua A. Powers and Alexandra E. Weiss, Chattanooga, Tennessee, for the appellee, Chattanooga-Hamilton County Hospital Authority dba Erlanger Health System.

OPINION

## I. BACKGROUND

This is a healthcare liability action against Erlanger Hospital ("Erlanger").  Daniel Eric Cobble ("Plaintiff") asserts that when he was five years old, he contracted equine encephalitis and was taken to Erlanger.  While being treated at Erlanger, Plaintiff asserts that he suffered from a high-grade fever that lasted for five days.  According to Plaintiff, because Erlanger failed to properly treat his fever, he was left with mental and physical injuries which required that he reside at mental health institutions between the ages of seven and eighteen.  Plaintiff states that upon receiving a quantitative electroencephalography (qEEG) scan in 2016, doctors determined that he has "a type of injury no one else on [the] planet has or [has] ever had."  Plaintiff claims that this injury affects over 25% of his brain.  He further asserts that his brain damage is permanent and

has caused him to suffer from various mental and physical conditions.

Based on these allegations, Plaintiff filed his lawsuit on August 9, 2018, asserting a claim for violation of the Tennessee Healthcare Liability Act, Tennessee Code Annotated section 29-26-101, et seq. Prior to filing the action, however, Plaintiff did not send pre-suit notice to Erlanger.

On September 26, 2018, Erlanger filed a motion to dismiss, based on Plaintiff's failure to serve pre-suit notice and on application of the three-year statute of repose. In its motion, Erlanger demonstrated that the statute of repose (a) had extinguished Plaintiff's claim at least 35 years prior to Plaintiff's filing of his complaint, and (b) had not been tolled by Plaintiff's minority at the time of the purported negligence.

On January 10, 2019, the trial court entered an order dismissing Plaintiff's complaint for failure to state a claim upon which relief can be granted. The court observed that "Plaintiff was required to comply with the pre-suit notice requirements outlined in Tenn. Code Ann. § 29-26-121" and that his "[f]ailure to do so required that the case be dismissed." Further, the court held that "under Tenn. Code Ann. § 29-26-116(a)(3), Plaintiff's claim is barred by Tennessee's three-year statute of repose."

## II. ISSUES

We restate Plaintiff's presentation of the issues as follows: Did the trial court correctly grant Erlanger's motion to dismiss, as Plaintiff failed to serve pre-suit notice and his claim was barred by the statute of repose applicable to healthcare liability claims?

## III. STANDARD OF REVIEW

The resolution of a motion to dismiss under Rule 12.02(6) of the Tennessee Rules of Civil Procedure is a matter of law; therefore, the standard of review on appeal is de novo, with no presumption of correctness. *Leggett v. Duke Energy Corp.*, 308 S.W.3d 843, 851 (Tenn. 2010). Rule 12.02(6) of the Tennessee Rules of Civil Procedure affords a defendant the option of moving for dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted." Tenn. R. Civ. P. 12.02(6). The motion tests the legal sufficiency of a complaint and is considered based on an examination of the pleadings alone. *Leggett*, 308 S.W.3d at 851. Dismissal is warranted when the facts alleged in the complaint, taken as true, do not entitle the plaintiff to relief, or when the complaint is "totally lacking in clarity and specificity." *Marceaux v. Thompson*, 212 S.W.3d 263, 266-67 (Tenn. Ct. App. 2006).

In considering the adequacy of a plaintiff's claims, the courts give pro se litigants "a certain amount of leeway in drafting their pleadings and briefs." *Marceaux*, 212 S.W.3d at 267. However, "[p]ro se litigants should not be permitted to shift the burden

of the litigation to the courts or to their adversaries. . . . [T]he courts cannot create claims or defenses for pro se litigants where none exist." *Id.*

## IV. DISCUSSION

### A.

Despite the protests of Plaintiff, his claim against Erlanger is clearly a healthcare liability claim; in it, Plaintiff asserts that Erlanger was negligent in failing to treat Plaintiff's high-grade fever while he was a patient in Erlanger's care. Therefore, Plaintiff was required to comply with the requirements of Tennessee Code Annotated section 29-26-121 by providing pre-suit notice to Erlanger. Tenn. Code Ann. § 29-26-121. That statute provides as follows:

> (1) Any person, or that person's authorized agent, asserting a potential claim for health care liability **shall** give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.
>
> (2) The notice shall include:
>
> > (A) The full name and date of birth of the patient whose treatment is at issue;
> >
> > (B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;
> >
> > (C) The name and address of the attorney sending the notice, if applicable;
> >
> > (D) A list of the name and address of all providers being sent a notice; and
> >
> > (E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.
>
> . . .

- 3 -

> If a complaint is filed in any court alleging a claim for health care liability, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2).

*Id.* (Emphasis added.). The pre-suit notice requirement is mandatory. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012). The Tennessee Supreme Court "has concluded that providing pre-suit notice to potential defendants is the 'essence' of the [Health Care Liability Act]." *Clary v. Miller*, 456 S.W.3d 101, 105 (Tenn. Ct. App. 2017) (citing *Myers*, 382 S.W.3d at 309). "Nothing short of strict compliance is acceptable." *Id.*

In the present case, Plaintiff never sent pre-suit notice to Erlanger, and his complaint did not state that he had complied with the pre-suit notice requirements. Plaintiff alleges in his appellate brief that he told his father, and the "lead engineer for Erlanger," that he was going to sue Erlanger. Even assuming that this is true, this does not constitute pre-suit notice as required by Tennessee Code Annotated section 29-26-121. The Tennessee General Assembly mandated specific items that must be included in a pre-suit notice, and it expressly required that the notice be made in writing and sent to the **defendant**. *Id.* The fact that Plaintiff informed his father of his intent to sue Erlanger does not satisfy these requirements. The required sanction for failure to deliver pre-suit notice is dismissal. *Foster v. Chiles*, 467 S.W.3d 911, 916 (Tenn. 2015). Plaintiff's claim against Erlanger was properly dismissed. *Id.*

**B.**

Under Tennessee Code Annotated section 29-26-116(a)(3), the statute of repose in a healthcare liability action is three years from the date on which the negligent act or omission occurred, unless there is fraudulent concealment on the part of the defendant. Tenn. Code Ann. § 29-26-116(a)(3); *see also, Range v. Sowell*, No. M2006-02009-COA-R3-CV, 2009 WL 3518176, at *7 (Tenn. Ct. App. 2009). Plaintiff alleged that Erlanger acted negligently in 1979 or 1980, when it failed to treat his high-grade fever. Plaintiff has never asserted that Erlanger fraudulently concealed its alleged negligence and there is no such evidence before this court. The healthcare liability statute of repose extinguished Plaintiff's claim at some point in 1982 or 1983. Tenn. Code Ann. § 29-26-116(a)(3). As a matter of law, Plaintiff is precluded from recovering. *Calaway, ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 515 (Tenn. 2005), *as amended on reh'g in part* (Feb. 21, 2006). The trial court properly dismissed Plaintiff's claim against Erlanger because it was extinguished at least 35 years prior to Plaintiff's filing of his complaint. Tenn. Code Ann. § 29-26-116(a)(3); *see also Calaway*, 193 S.W.3d at 515.

**C.**

Plaintiff asserts in his appellate brief that the trial court erred by applying the

statute of repose, given that he was a minor when the alleged acts of negligence occurred, and given his alleged brain damage. However, the statute of repose is not tolled by minority or mental incompetency. *Calaway*, 193 S.W.3d at 517; *Mills v. Wong*, 155 S.W.3d 916, 920-21 (Tenn. 2005). In *Calaway*, the Tennessee Supreme Court held that a plaintiff's minority does **not** toll the health care liability statute of repose for all cases filed after December 9, 2005. 193 S.W.3d at 513. By way of explanation, the Court noted that a statute of repose imposes "*an absolute time limit* within which action must be brought." *Id.* at 515 (emphasis in original). Since the health care liability statute of repose contains no exemptions for minority, the Court held that "we will not rewrite the medical malpractice statute of repose to include an exception for minors when it appears from the statutory language that the Legislature did not intend such an exception." *Id.* at 516-17.

Furthermore, the statute of repose is not tolled during periods of mental incompetency. *Mills*, 155 S.W.3d at 920-21. The Tennessee Supreme Court noted that statutes of repose create an "absolute temporal bar," and "may be tolled only in exceedingly limited circumstances"—namely, circumstances involving fraudulent concealment. *Id.* at 920. The Court found that "[t]he absence of an express tolling provision for mental incompetency when tolling is expressly provided for on another ground indicates legislative intent not to provide for tolling on the basis of mental incompetency." *Id.* Furthermore, the Court held that the disability statute provided in Tenn. Code Ann. § 28-1-106 does not serve to toll the statute of repose applicable to a health care liability claim. *Id.*

Here, Plaintiff's assertion that the statute of repose should not bar his claim, given his minority and mental incompetency, is inaccurate. The trial court correctly dismissed Plaintiff's claim based on the statute of repose.

**D.**

Plaintiff claims that Erlanger was "procedurally barred from being heard" because it failed to file a notice of appearance of counsel within 30 days of service. Plaintiff, however, cites no law in support of this assertion.

By filing the motion to dismiss, which indicated counsel served as "Attorney[] for Defendant," counsel for Erlanger entered an appearance with the trial court as counsel of record. The court and Plaintiff were entitled to presume that Attorney Weiss had authority to enter her appearance as Erlanger's counsel of record. *See Kennedy v. Security Bldg. & Sav. Ass'n*, 57 S.W. 388, 396 (Tenn. Ch.App.1900). Pursuant to Rules 12.01 and 12.02 of the Tennessee Rules of Civil Procedure, Erlanger timely filed its motion to dismiss on September 26, 2018, within 30 days of service of the complaint.

**E.**

Plaintiff contends that the pre-suit notice requirements are unlawful. For instance, Plaintiff asserts that the pre-suit notice requirement is "illegal" because "it causes threatening communication[s] to be sent through U.S. mail." Plaintiff also contends that the pre-suit notice requirement "violates [his] right to trial by jury by . . . requiring [him] to try to settle out of court when [he] never intended or wanted to settle out of court."

Under Tennessee Code Annotated section 29-14-107, if Plaintiff intended to challenge the constitutionality of the pre-suit notice requirement, he was required to serve the Tennessee Attorney General with a copy of his petition. Tenn. Code Ann. § 29-14-107; *see also* Advisory Commission Comments to Tenn. R. Civ. P. 24.04. This is a mandatory prerequisite to challenging the constitutionality of a statute. *Cummings v. Shipp*, 3 S.W.2d 1062, 1063 (Tenn. 1928). The record indicates that Plaintiff did not give the Attorney General a copy of his petition. Therefore, Plaintiff is precluded from challenging the constitutionality of the pre-suit notice statute on appeal. Plaintiff's motion to submit materials to challenge the constitutionality of the relevant Tennessee statutes, filed January 28, 2020, is DENIED. Additionally, all other pending motions are likewise DENIED (i.e., Plaintiff's motion filed January 30, 2020, to appeal our denial of an oral argument; Plaintiff's "emergency motion" dated March 31, 2020; etc.).
.

**V. CONCLUSION**

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed to the appellant, Daniel Eric Cobble.

_____
JOHN W. MCCLARTY, JUDGE